## W. A. COOK, ET AL., *v.* GEORGE W. TAYLOR.

**Partnership—Liability of Partners.**

A member of a partnership may bind his firm to pay for articles such as the firm deals in where he buys in the firm name, although as between the partners he has no such right. If he buys in his own name such articles as the firm deals in and turns them into the firm, the seller may hold the firm for the price.

**Ratification.**

A ratification of a purchase made by one member of a firm presupposes the purchase in question to have been done without competent authority from the firm. If one member of the firm contracts in the name of the firm, although he then had no authority to bind his copartners, they may, by ratifying it, become bound as if the partner who made the contract had possessed authority at the time to make it.

APPEAL FROM HARRISON CIRCUIT COURT.

February 20, 1877.

OPINION BY JUDGE COFER:

Taylor sued William A. Cook and Caleb Musser, who composed the firm of W. A. Cook & Co., for a balance due on the price of a lot of whisky alleged to have been sold to that firm. Cook answered, averring that the partnership had been dissolved, that he had purchased the assets and assumed the liabilities of the firm, and denied that the firm had ever purchased any whisky of the plaintiff.

Verdict and judgment having been rendered for the plaintiff, and the defendants' motion for a new trial having been overruled, they have brought the case here for revision. Numerous questions were made in the argument, but we only deem it necessary to notice such of them as relate to the action of the court in giving and refusing instructions.

The firm of W. A. Cook & Co. was engaged in the manufacture and sale of whisky, and such other business as was connected with or incident thereto. The articles of partnership stipulated that the firm was not to speculate or trade in any whisky other than its own manufacture. The evidence showed that during the continuance of the partnership Musser purchased of Taylor about 1,134 barrels of whisky manufactured by him, and that a balance of the price remained unpaid. Musser swore on the trial that he purchased the whisky in his own name, but with the knowledge and assent of Cook, for the firm. Taylor swore that he made the contract with Musser, who said, "We will take your whisky," but that the name of the firm was not mentioned, while Cook swore that he was not consulted about the purchase and never assented to it. There was more or less evidence corroborating the statements of both Musser and Cook in reference to Cook's knowledge of and consent to the purchase, and there was also evidence conducing to prove that Cook recognized the purchase as having been made for the firm.

On this state of the evidence the court instructed the jury in effect that if Musser made the purchase for the firm and the firm assented to or ratified the contract, they must find for the plaintiff. That instruction, given without qualification or explanation, was erroneous. The jury may have found that Musser intended the purchase for the firm, yet they may not have believed that Cook had given his consent that it should be so made. If they so found, then they were brought to consider whether Cook had subsequently ratified the purchase. If they found that he had, then they were authorized, under instruction, to find for the plaintiff, although they may have believed that the purchase was made by Musser in

his own name and without pretending to buy in the name of the firm.

A member of a firm may bind his firm to pay for articles, such as the firm deals in, if he buys in the firm name, although, as between the partners, he has no such right. And if a member buys such articles in his own name and turns them into the firm, the seller may, on discovering the fact, hold the firm bound for the price if the articles be such as the firm would be bound to pay for if they had been purchased in the firm name. Smith's Mercantile Law, 78, 3rd Ed.

But the firm of W. A. Cook & Co. was a manufacturing and not a trading firm, and the individual partners had no implied power to bind the firm by the purchase of whisky, and if Musser made the purchase in his own name and without assuming to buy for the firm, and without previous authority from Cook to buy for their joint account, the firm is not bound, although Cook may have subsequently assented to the purchase. A notification presupposes the act in question to have been done for another without competent authority from him. When an act is done by an agent avowedly for another as his principal, the principal may ratify the act and make it as completely his own as if done by his previous authority. Strong on Agency, § 251a. And upon the same principle, if one member of a firm contracts avowedly in the name of the firm, although he then had no authority to bind his co-partners, yet they may by notifying it become bound as if the partner who made the contract had possessed authority at the time to make it.

The court should therefore have instructed the jury that if Musser bought the whisky for the firm with the previous assent of Cook, they should find for the plaintiff. And if, in the opinion of the court, there were evidence conducing to prove that in making the purchase he assumed to act in the name of the firm, the jury should have been instructed that if they believed Musser bought in the name of the firm, and that Cook, upon being acquainted with the facts, assented to what had been done, they should find for the plaintiff, although they might not believe Cook had previously agreed that the purchase might be made. But if Musser had no authority from Cook to make the purchase, and made it in his own name, and not in the name of the firm, they should find for the defendants, although they might believe Cook subsequently recognized the purchase as made for the firm.

If Cook authorized the purchase the fact that, for reasons of their

own, or for no reason at all, Musser made the purchase in his own name, in no way affects the question of the liability of the firm. The form of the transaction amounts to nothing, and the firm is bound. But if Cook did not authorize Musser to buy for and he did not buy in the name of the firm, there was nothing to ratify, and the firm is not liable. If Musser bought in his own name, and without the previous consent of his partner, the whisky became his property, and whatever interest Cook may have acquired in it or its proceeds he acquired from Musser, and not from Taylor, and therefore his liability was to the latter and not to the former.

For the error indicated, and for that alone, the judgment is *reversed,* and the cause remanded for a new trial upon principles not inconsistent with this opinion.

*A. H. and J. L. Ward, for appellants.*

*Charles Duncan, J. G. Carlisle, C. W. West, for appellee.*